IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RONALD E. SEXTON, )<br> )<br> Plaintiff, )<br> vs. )<br> )<br>BANKERS STANDARD INSURANCE )<br>COMPANY d/b/a CHUBB, )<br> )<br> Defendant. )<br>_____ ) | Case No. 24-2388-TC-BGS |

## ORDER ON MOTION TO COMPEL DISCOVERY

Now before the Court is Defendant's Motion to Compel Discovery and supporting memorandum. (Docs. 64, 65.) Having reviewed the submissions of the parties, Defendant's motion is **GRANTED in part** and **DENIED in part** as more fully set forth herein.

## BACKGROUND

This is a breach of contract/insurance coverage dispute arising from Plaintiff's homeowner's insurance policy with Defendant Bankers Standard Insurance Company ("Defendant" or "BSIC").[1] When issuing the policy, Defendant determined that the total replacement value of Plaintiff's residence was almost $8 million.

In May 2021, Plaintiff reported that his residence suffered a water intrusion through the roof, causing extensive damage, on October 7, 2018 ("subject water intrusion"). Defendant has paid a portion of the repair cost under the policy but denies Plaintiff's allegations and claims, denies that there is coverage under the subject homeowner's policy for damages continued to be claimed by Plaintiff, and denies that it has further obligation to pay under the policy. Defendant also asserts

---

[1] Defendant has not yet filed an Answer to Plaintiff's Complaint (Doc. 1.) Rather, Defendant filed a motion to dismiss Plaintiff's claims (Doc. 6), which remains pending before the District Court. Despite the dispositive motion, discovery in this case has not been stayed.

1

that Plaintiff's claims are time-barred by the 5-year contractual limitations period of the subject policy.

Plaintiff has made a total of four water intrusion-related insurance claims to his residence. In addition to the subject water intrusion, Defendant had resolved a prior water intrusion claim from Plaintiff in Spring 2018. Plaintiff made another water damage claim with PURE Insurance, based on a December 2019 loss. Finally, Plaintiff made an additional water damage claim with PURE Insurance for a March 2022 loss.

Defendant asserts that contemporaneously, Plaintiff and his contractors have claimed ongoing, post-policy water damage, allegedly from the roof that Plaintiff had been paid to replace in its entirety, in Spring 2019 and May 2020. (Doc. 65, at 1.)

> Faced with four water insurance claims in so many years, [Defendant] served discovery seeking to identify (i) what portions of the residence and Plaintiff's personal property were damaged and when; (ii) what damages were claimed in which insurance claims; and (iii) the supporting documentation for the same.

(*Id.*, at 1-2.)

According to Defendant, Plaintiff "continues to improperly respond subject to objections, provide incomplete responses, and rely on relevance objections for information that tends to prove or disprove one of [Defendant's] affirmative defenses." (*Id.*, at 2.) Defendant brings the present motion asking the Court to overrule Plaintiff's objections and compel responses to Request for Production Nos. 3 and 38 and Interrogatory No. 21. These discovery requests and responses will be discussed more specifically *infra*.

## ANALYSIS

I.   **Legal Standard for Discovery and Motions to Compel.**

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to

2

> the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable. *Holick v. Burkhart*, No. 16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018). Within this context, the Court will address the discovery requests at issue.

The scope of discovery is broad, but not unlimited. Even so, "[u]nless a discovery request is facially objectionable, the party resisting discovery has the burden to support its objections." *Ezfauxdecor, LLC v. Smith*, No. 15-9140-CM-KGG, 2017 WL 2721489, at *2 (D. Kan. June 23, 2017) (citing *Sonnino v. University of Kansas Hosp. Auth.*, 221 F.R.D. 661, n.36 (D. Kan. 2004) (citation omitted)). Further, Fed.R.Civ.P. 34 allows a party to secure discovery through document requests and a party responding to a Rule 34 request has "a duty to produce all responsive documents in their possession, custody, or control." *Starlight Intern, Inc. v. Herlihy*, 186 F.R.D. 626, 643 (D. Kan. 1999).

## II.    Requests at Issue.

### A.    Request for Production No. 3.

This document request seeks "records of payments, including paid invoices and receipts and associated communications, reflecting how you used the more than $1.4 million that [Defendant] paid you in connection with Claim No. 77136593," the homeowner's insurance claim that Plaintiff reported to Defendant in March 2017. (Doc. 65-2, at 6-7.) Although additional objections to this document request were raised by Plaintiff, Defendant argues that the following objections from Plaintiff are improper:

> [The request is] not relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action that is proportional to the needs in this case because, as the insured, Plaintiff is not required

3

> to apply proceed [sic] to repair or replacement [sic] of damaged property for any particular purposed [sic] which Defendant … designated corporate representative Bradlee Waddell admitted to upon the taking of his deposition on September 12, 2024[,] in the subrogation action filed by Defendant … against Alpha Roofing, LLC (District Court of Johnson County, Kansas Case No. 21CV05231: @ page 100 at lines 17-24 'Q. Okay. What I'm getting at is there's no requirement that if Mr. Sexton receives money from Chubb for future repair, there's no requirement that he spend that money on that repair, at least from Chubb's perspective, true? A. The funds are intended to complete those repairs. He has the option not to complete them is he doesn't want to.'

(*Id.*)  According to Defendant, these objections should be overruled, and responses compelled, because "these records are relevant to an affirmative defense that will be pled at such time as [Defendant] may be required to file an Answer, 'Rule 26(b)(1) generally allows discovery of information relevant to that claim or defense,' … ."  (Doc. 65, at 4 (citing *Ace USA v. Union Pac. R.R. Co.*, No. CIV.A. 09-2194-KHV, 2010 WL 4629920, at *4 (D. Kan. Nov. 8, 2010).)

Plaintiff responds that Claim No. 7713693 "is the unrelated 3/4/17 roof hail damage casualty claim that was fully and finally resolved through a Confidential Settlement Agreement and Release of All Claims" Plaintiff and Defendant entered into on February 12, 2019.  (Doc. 71, at 7.)  He contends that "[d]iscovery is not a vehicle to reopen closed matters" and settlement of that claim "explicitly extinguished all obligations and liabilities related to the prior claim and included binding confidentiality and nondisparagement provisions."  (*Id.*)  Further, according to Plaintiff, Defendant "already possesses the related documents and information in its claim file for Claim No. 7713693." (*Id.*)

Plaintiff argues that the "manner in which [he] applied the proceeds" of that settlement is irrelevant to the present dispute and is not reasonably calculated to lead to the discovery of admissible evidence[2] in this action that is proportional to the needs in this case."  (*Id.*)  He continues

---

[2] The Court instructs Plaintiff that the Federal Rules of Civil Procedure abandoned the "not reasonably calculated standard" standard approximately ten years ago with the 2015 amendments to Rule 26(b).  Federal courts now analyze

4

that this Request is overly broad and "constitutes an unreasonable invasion into the private personal and financial affairs of the Plaintiff." (*Id.*)

> Plaintiff is not required to account for proceeds paid in settlement of a claim which Defendant's designated corporate representative, Bradlee Waddell, admitted upon the taking of his deposition in the related subrogation litigation against Alpha Roofing that at the time the 10/7/18 roof related water intrusion event was engaged in replacing the roof on Plaintiff's residence. Any suggestion by Defendant of a 'neglect' defense is speculation refuted by Defendant's 8/11/21 Cause and Origin Report, the determination of Defendant's responsibility and payment of related damage caused by the 10/7/18 water intrusion casualty event and the Defendant's prosecution of its subrogation action against Alpha Roofing.

(*Id.*, at 8.)

Plaintiff's arguments are unpersuasive. The Court does not find the request to be an unreasonable invasion of Plaintiff's "personal and financial affairs," particularly given the broad scope of discovery. Plaintiff is (again) claiming water damage to his residence. As such, the condition of that roof – including prior water damage and/or resulting repairs made or neglected – are clearly germane to the claims and defenses in this lawsuit.

Finally, Plaintiff argues that Defendant is asking the Court to require Plaintiff to "account for his application of the settlement proceeds of the unrelated 3/14/17 roof hail damage claim in discovery not proportional to the needs of this case and an unreasonable invasion of Plaintiff's privacy and should be denied." (*Id.*) Plaintiff does not, however, indicate *how* the request is unreasonable or disproportionate to the needs of the case, which invalidates the objection. *Harrington v. Kansas*, No. 20-4081-HLT-KGG, 2021 WL 5505452, *13 (D. Kan. Nov. 24, 2021) (holding that the failure to "explain how the [discovery request] is disproportionate to the needs of the case" means the objection should be overruled); *see also Funk v. Pinnacle Health Fac., XXXII, LP*,

---

whether the information requested is relevant and "proportional to the needs of the case." *Mayhew v. AngMar Medical Holdings, Inc.*, No. 18-2365-JWL-KGG, 2019 WL 5535243, at n.1, n.2 (D. Kan. Oct. 25, 2019) (citing Fed.R.Civ.P. 26(b)). *See also Frick v. Henry Industries, Inc.*, 13-2490-JTM-GEB, 2016 WL 6966971, at *5 (D. Kan. Nov. 29, 2016).

5

No. 17-1099-JTM-KGG, 2019 WL 280950, *4 (D. Kan. Jan. 22, 2019) (holding that the party raising unduly burdensome or disproportionate objections "will be required to establish exactly how the various … topics are unduly burdensome or disproportionate to the case.").

Plaintiff's objections are **overruled**. The Court **GRANTS** Defendant's motion as it relates to Request for Production No. 3. Plaintiff is instructed to respond to Request No. 3 accordingly **on or before August 27, 2025**.

### B.   Request for Production No. 38.

Request No. 38 asks for "documents reflecting the total amount of money that you have paid for maintenance, repairs, remediation, restoration, or improvements to the Property from May 7, 2018, through present." (Doc. 65-2, at 33.) Plaintiff objected to the lack of temporal limitation[3] and that the request is

> generalized and without reasonable particularity as to the subject matter ('any work of any kind' such as mowing the lawn? instead of the areas damaged as a result of the October 7, 2018 Alpha water intrusion event), overly broad, oppressive, requires resort to speculation and conjecture, is unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence proportionate with the needs in this case.

(*Id.*, at 34.) Plaintiff continued that he had allowed Defendant to conduct five inspections of the property. Further, Plaintiff responded that paid and unpaid damages were itemized on Proof of Loss statements (and amended statements) from 1/31/23, 6/27/23, 12/13/23, 5/14/24, 6/16/25, and 7/8/25, which were attached to Plaintiff's discovery responses "without withholding of documents based on privilege." (*Id.*)

Defendant argues that although Plaintiff states he is not withholding documents based on privilege, the objection should be overruled "both because Plaintiff is purporting to produce

---

[3] The Court finds that the timing of the event itself – in May 2018 – creates a temporal limitation, which is appropriate given the broad scope of discovery and amount at issue in this lawsuit. This objection is **overruled**.

documents while maintaining his objection, and because the Request is relevant to [Defendant's] intended affirmative defenses by way of its interaction with Plaintiff's Response to Request for Production No. 3." (Doc. 65, at 4.) Defendant contends that while Request No. 3 seeks documentation as to how Plaintiff spent the funds Defendant paid, Request No. 38 seeks documents reflecting what Plaintiff paid "for maintenance, repairs, remediation, restoration, or improvements to the Property more generally, from May 7, 2018, through the present." (*Id.*, at 4-5 (citing Doc. 65-2, at 33).)

Defendant continues that whether Plaintiff used funds from Defendant, Plaintiff's "records of those payments – reflecting maintenance, repair, remediation, restoration, or improvements – plainly tend to prove or disprove [Defendant's] intended affirmative defenses, including that Plaintiff neglected the Property by not performing adequate repairs." (*Id.*, at 5.) Defendant argues it is "entitled to know what records Plaintiff possesses that impact its affirmative defenses, whatever the ultimate source of funding for the work." (*Id.* (citing *Ace USA*, 2010 WL 4629920, at *4 (D. Kan. Nov. 8, 2010).)

In response, Plaintiff argues that the scope of Request No. 38 "extend [sic] to payments for work performed anywhere on the totality of Plaintiff's residence and surrounding grounds." (Doc. 71, at 8.) He continues that the amounts he "has paid to maintain his residence over seven years is not arguably related to the October 7, 2018[,] Alpha water intrusion event." (*Id.*) Thus, according to Plaintiff, this Request "improperly seeks comprehensive property maintenance records unrelated to the 10/7/2018 rainstorm roof related water intrusion casualty event that encompasses minor personal expenses, e.g. lawn care that is facially overbroad and oppressive," and is also unduly burdensome and disproportionate to the needs in this case. (*Id.*, at 8-9.)

Defendant's cursory reply brief barely discusses Plaintiff's response to the motion to compel. As to Request No. 38, Defendant merely states that Plaintiff's "burden argument … failed to

7

provide a non-conclusory ground beyond not wanting to comply with discovery." (Doc. 74, at 2.) The Court does not agree with Defendant.

Rather, the Court finds that the request, as worded, implicates information that is wholly irrelevant to the claims and defenses herein, and is overly broad, unduly burdensome, and disproportionate to the needs of the case. The "total amount of money" Plaintiff has "paid for maintenance, repairs, remediation, restoration, or improvements" would technically include things such as having foundation issues repaired, gutters cleaned, windows washed, electrical issues resolved, or sink drains unclogged. Arguably, it could include maintenance such as snow removal, landscaping, or, as Plaintiff argues, lawncare. Regardless, the scope of this request would, without a doubt, include repairs or improvements to areas of the house completely unaffected by or uninvolved in the subject water intrusion. The request, as worded, is facially overbroad and disproportionate to the case. Defendant's motion is **DENIED** as to Request No. 38.

  C.  **Interrogatory No. 21.**

Defendant's Interrogatory No. 21 asks Plaintiff to "[i]dentify and describe all work, including maintenance, repairs, or replacements, performed on the roof of the Property between January 1, 2017, and present, and for all such work, identify who performed the work, when the work was performed, how much you paid for the work, and whether the work was completed." (Doc. 65-1, at 24.) Plaintiff objects that the interrogatory seeks information regarding work occurring on areas other than those "that were damaged and over an unreasonable eight-year period of time which makes the question overly broad and a question that seeks information that is not relevant to the issues in this action nor reasonably likely to lead to the discovery of evidence that is admissible in this action." (*Id.*, at 24-25.)[4]

---

[4] In his response brief, Plaintiff also objects that "the multiple implied discrete subparts that Defendant bundles into interrogatory question 21 and other interrogatory questions, the interrogatory questions Defendant propounded to Plaintiff number 37 in total consisting of 21 questions and 16 express subparts which in their entirety exceed the 25

8

As an initial matter, the Court **overrules** Plaintiff's temporal objection to the Interrogatory No. 21. Plaintiff argues that "the unreasonable eight-year period of time alone makes the question overly broad and a question that seeks information that is not relevant to the issues in this action or discovery proportional to the needs of this case." (Doc. 71, at 6.) Considering the amount of potential damages at issue in this lawsuit as well as Plaintiff's four water damage insurance claims relating to the roof, the Court does not agree that the 8-year period contained in this interrogatory is unreasonable, disproportionate, or irrelevant.

After raising his objections, Plaintiff provided the following information regarding repairs to the roof:

> 1. Alpha Roofing, Inc. - Approximately, Alpha commenced the replacement of the roof in August of 2018 and were on and off the job through the end of the year.
> 2. Old Heritage Decorators, Inc. Old Heritage repaired some of Alpha's work.
> 3. Fidler on the Roof also repaired some of Alpha's work.

(*Id.*, at 25.) Plaintiff continued that specifics are available in Defendant's subrogation file for Plaintiff's claim against Alpha Roofing, Inc." (*Id.*)

Defendant argues that Plaintiff's response "not only is an improper response subject to objection, but plainly fails to fully respond" because the Interrogatory instructed him to identify and describe all such work, maintenance, repairs, or replacements, on the roof from January 1, 2017, to the present, as well as " 'identify [1] who performed the work, [2] when the work was performed, [3] how much you paid for the work, and [4] whether the work was completed.' " (Doc. 65, at 5 (citing Doc. 65-1, at 24).) In addition to "responding subject to objection," Defendant complains that

---

question limitation set forth in Fed. R. Civ. P. Rule 33(a)(1)." (Doc. 71, at 5.) Plaintiff did not, however, include this objection in his discovery responses. As such, the objection is waived and will not be considered further by the Court. *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 621 (D. Kan. 2005) (holding that "when a party fails to assert an objection in its initial response to the discovery request and raises it for the first time in response to a motion to compel, the objection is deemed waived").

Plaintiff identified three roofing companies but "failed to identify when that work was performed, how much he paid for the work, and whether that work was completed." (*Id.*, at 6.)

Defendant moves the Court to find that Plaintiff's conditional response waives his objections. (*Id.* (citing *Sprint Commun. Co., L.P. v. Comcast Cable Commun., LLC*, No. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2014 WL 545544, at *2-3, n.10 (Feb. 11, 2014) (reaching this conclusion as to conditional responses raised in response to Requests for Production of Documents)).) Defendant also asks for an order compelling Plaintiff "to fully respond to the remaining three components of the Interrogatory." (*Id.*) Defendant again contends this discovery request "seeks evidence that tends to prove or disprove the performance of repairs at the Property and their adequacy, which is relevant to [its] intended affirmative defense of neglect and is thus relevant." (*Id.* (citing *Ace USA*, 2010 WL 4629920, at *4).)

Courts in this District have consistently overruled conditional responses to discovery requests. *EEOC v. BNSF Ry. Co.*, No. 12-2634-JWL-KGG, 2015 WL 161192, n.1 (D.Kan. Jan. 13, 2015). "A 'conditional response' or 'conditional objection' to a discovery request 'occur[s] when a party asserts objections, but then provides a response 'subject to' or 'without waiving' the stated objections.'" *Zone Five, LLC v. Textron Aviation, Inc.*, No. 20-1059-DDC-KGG, 2023 WL 5205046, *4 (D. Kan. Aug. 14, 2023) (quoting *Westlake v. BMO Harris Bank N.A.*, No. 13-2300-CM-KGG, 2014 WL 1012669, *3 (D. Kan. March 17, 2014)). Conditional objections consisting of an objection followed by a response "[w]ithout waiving objections" repeatedly have been held to be "manifestly confusing (at best) and misleading (at wors[t]) and [have] no basis in the Federal Rules of Civil Procedure." *D.M. v. Wesley Med. Ctr., LLC*, No. 18-2158-KHV-KGG, 2019 WL 2067363, at *1 (D. Kan. May 9, 2019) (quoting *Sprint Commun. Co., L.P.*, 2014 WL 545544, at *2 (reaching this conclusion as to conditional responses raised in response to Requests for Production of Documents)). Such conditional responses are considered "invalid," "unsustainable," and "violate

10

common sense." *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, No. 13-2150-CM-KGG, 2014 WL 2815515, at *3 (D. Kan. June 23, 2014) (internal citation omitted).

A party is, however, allowed to make an objection to a discovery request, but still provide responsive information. Federal Rule of Civil Procedure 33(b)(4), which governs objections to interrogatories, simply states that the "grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."

The Court finds Plaintiff's response to Interrogatory No. 21 to be distinguishable from those discussed in the cited cases. Plaintiff's response clearly identifies how he finds this interrogatory to be objectionable by stating that it seeks "information concerning work performed on the Property other than in the areas of the Property that were damaged … ." (Doc. 65-1, at 24.) In responding to Defendant's motion, Plaintiff contends that "Defendant does not argue that work performed on areas of the roof other than areas that were related to the damage are relevant to and proportional to the needs of this case, which makes the question overly broad." (Doc. 71, at 6.) The Court finds that this objection, which is followed by responsive information, is not conditional, but rather is a specific description of how Plaintiff finds the interrogatory to be improper.

That stated, the Court finds Plaintiff's response to this discovery request to be insufficient. While the Court found Request for Production No. 38 (Doc. 65-2, at 33) to be objectionable for seeking information on the entire property in general, as discussed *supra*, Interrogatory No. 21 is specifically limited to the <u>roof</u> of the subject property. Even though different areas of the roof may have been impacted and/or repaired during each of the four water intrusion events, the Court finds that any and all damage and/or repairs to the roof itself are relevant given the broad scope of discovery and the amount at issue in this lawsuit.

Finally, Plaintiff argues that the "scope of this interrogatory question also ignores that Defendant has conducted five inspections of Plaintiff's residence." (Doc. 71, at 6.) The Court previously indicated to the parties during the pre-motion telephone conference relating to these issues that it was unpersuaded by the fact that inspections of the residence occurred prior to this litigation. Plaintiff has provided no legal authority in his responsive brief that would change the Court's opinion in that regard. Further, Plaintiff did not raise this objection in response to Interrogatory No. 21. (Doc. 65-1, at 24-25.) As such, the objection is **waived**. *See* Fed. R. Civ. P. 33(b)(4) (stating that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Cardenas*, 230 F.R.D. at 621 (holding that "when a party fails to assert an objection in its initial response to the discovery request and raises it for the first time in response to a motion to compel, the objection is deemed waived").

Defendant's motion to compel is **GRANTED** as to Interrogatory No. 21. Plaintiff failed to describe the work completed, indicate when the work occurred, state how much he paid for the work, and state whether the work was completed. Plaintiff is instructed to do so **on or before August 27, 2025**.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (Doc. 64) is **GRANTED** as to Request No. 3 and Interrogatory No. 21 and **DENIED** as to Request No. 38 as more fully set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff will serve the responsive information on Defendant **on or before August 27, 2025**.

**IT IS SO ORDERED.**

Dated this 13th day of August, 2025, at Wichita, Kansas.

/S/ BROOKS G. SEVERSON
Brooks G. Severson
U.S. Magistrate Judge