UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD E. SEXTON,

    Plaintiff,

v.

BANKERS STANDARD INSURANCE
COMPANY, D/B/A CHUBB,

    Defendant.

Case No. 24-2388-TC-BGS

## ORDER ON PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER

NOW BEFORE THE COURT is Plaintiff's Motion to Amend the Scheduling Order. (Doc. 147.)  For the reasons set forth herein, the motion is **GRANTED in part** and **DENIED in part**.

On January 14, 2026, Plaintiff filed the present motion requesting slight modifications to the Scheduling Order because new counsel entered an appearance for him on January 13, 2026, on the basis of an "unexpected conflict of interest" with his prior counsel.  (*See* Doc. 147, at ¶ 2.)  Plaintiff indicates that, as of the filing of the motion, his new attorney had not yet received the "voluminous case file from prior counsel" and his new attorney "needs a modest extension of certain deadlines in order to become familiar with the record of this case and represent the Plaintiff effectively and efficiently."  (*Id.*, at ¶¶ 5, 7.)  The Court notes that this is Plaintiff's fourth attorney in this case.

Defendant filed its response to the motion on January 15, 2026, stating that "[s]olely out of professional courtesy, [it] does not oppose a modest 30-day extension of certain scheduling order deadlines."  (Doc. 147, at 2.)  Defendant does, however, oppose any extension of "(1) the now-passed deadline to supplement initial disclosures; or (2) the deadline to designate and disclose rebuttal experts, including because extension of those deadlines prejudices" Defendant.  (*Id.*)  Defendant continues that Plaintiff "has been on notice of the need to prepare for and adhere to this

case's deadlines, especially following the Court's order denying his previous attempt to supplement his expert disclosures. (*Id.* (citing Doc. 133.)) Therefore, while Defendant does not oppose the extension of the discovery deadline, it asks for confirmation that the deadline to supplement initial disclosures expired on Wednesday, January 14, 2026, and will not be extended. Defendant also does not oppose the requested extensions to the mediation deadline, those deadlines related to the pretrial conference, and the dispositive and *Daubert* motion deadlines. (*Id.*)

The undersigned Magistrate has previously held in this case that "[a] scheduling order 'may be modified only for good cause and with the judge's consent.'" (*See* Doc. 133, at 4 (quoting *McPhaul v. Coll. Hills Opco, LLC*, No. 24-1143-JWB-BGS, 2025 WL 2229971, at *3 (D. Kan. Aug. 5, 2025) (quoting Fed. R. Civ. P. 16(b)(4))). In order to establish good cause, Plaintiff must show that "scheduling order deadlines cannot be met despite the [his] diligent efforts." (*Id.* (quoting *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988-89 (10th Cir. 2019); Fed.R.Civ.P. 16(b)(4)). In other words, Plaintiff is required to provide an adequate explanation for any delay. *Id.*

As a general matter, the Court understands that current counsel is very new to the case. That stated, this is Plaintiff's third change of counsel (resulting in his fourth attorney herein) and this case has been pending for almost a year and a half. The parties have already had a <u>lengthy</u> discovery period, which commenced over a year ago when the parties conducted their Fed. R. Civ. P. 26(f) conference (which was required to have been completed by December 31, 2024) (*see* Doc. 10). The Court cannot continue to keep moving the goal posts simply because yet another attorney has withdrawn as Plaintiff's counsel. *See Flynn v. Wells Fargo Home Mortg., Inc.*, No. 07-2078-KHV-JPO, 2007 WL 3120689, at n.5 (D. Kan. Oct. 24, 2007) (stating that "withdrawal or change of counsel" would be unlikely to be considered a "valid basis to modify (i.e., extend) any of the deadlines … ."). *See also Bank of Commerce & Trust, Co. v. Dominique*, No. 07-1332-EFM DWB, 2009 WL 10688193, at *3 (D. Kan. Feb. 11, 2009) (denying motion to revise Scheduling Order because of a change in

2

counsel and recognizing, with approval, that "Courts in other districts have consistently held that the retention of new legal representation is not a sufficient reason to revise deadlines.") (citing *Vantage View, Inc. v. QBE Ins. Corp.*, No. 07–61038–CIV, 2008 WL 4097700, at *1 (S.D. Fla. Sept. 3, 2008) (holding "the retention of new counsel does not rise to the level of substantial justification for failure to comply with court deadlines"); *Buchanan Co., Virginia v. Blankenship*, 545 F.Supp.2d 553, 555 (W.D. Va. 2008); *Lorillard Tobacco Co. v. Yazan's Service Plaza, Inc.*, No. 05–70804, 2006 WL 2460766, at *3 (E.D. Mich. Aug. 23, 2006)(holding that "the change in counsel representing Defendant is not good cause to amend the scheduling order")).

The Court agrees with Defendant that the deadline to supplement Rule 26 disclosures has expired. That deadline fell on January 14, 2026, or 40 days prior to the discovery deadline in the Scheduling Order then in effect (Doc. 114). The court notes that new counsel entered for Plaintiff on January 13, 2026. As such, prior counsel should have had any supplementation(s) prepared and ready to be served prior to withdrawing – especially given the extensive discovery and numerous discovery disputes that have occurred in this case. To the extent Plaintiff requests the supplementation deadline be extended in conjunction with the extended discovery deadline, that request is **DENIED**.

The Court also denies Plaintiff's request to extend the rebuttal expert deadline of January 22, 2026. Given the December 22, 2025, deadline for Defendant's expert disclosures (*see* Doc. 114, at 3), prior counsel would have had adequate time to begin the process of retaining rebuttal experts, if any, prior to withdrawing. This portion of Plaintiff's motion is **DENIED**.

The Court also **DENIES** Plaintiff's request to extend the dispositive motion deadline. Doing so would impact the current trial setting and the Court will not do so.

Based on the parties' positions and the procedural history of the case, however, the Court **GRANTS** Plaintiff's motion **in part** and enters the following Amended Scheduling Order, summarized in the following table:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Rebuttal experts disclosed | **January 22, 2026; unchanged** |
| All discovery completed | **March 23, 2026** |
| Mediation completed | **March 31, 2026** |
| Supplementation of initial disclosures | **Expired** |
| Proposed pretrial order due | **April 7, 2026** |
| Pretrial conference | **April 14, 2026 at 10:00 am** |
| Potentially dispositive motions (e.g., summary judgment) | **May 4, 2026; unchanged** |
| Motions challenging admissibility of expert testimony | **May 4, 2026; unchanged** |
| Trial — ETT 4-5 days | **March 2, 2027  9:00 a.m. unchanged** |

**Pretrial Conference, Trial, and Other Matters.**

a.          Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **April 14, 2026, at 10:00 a.m.** by telephone (316/402-0044; access code 485 069 538); however, the judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person.  No later than **April 7, 2026**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_severson_chambers@ksd.uscourts.gov*.  The proposed pretrial order must not be filed with the clerk's office.  It must be in the form available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

4

  **b.** The parties expect the jury trial of this case to take approximately 4-5 trial days.  This case is set for trial beginning on **March 2, 2027, at 9:00 a.m.**, in Kansas City, Kansas.  Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.  Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin.  The trial setting may be changed only by order of the judge presiding over the trial.

  **c.** If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*[https://ksd.uscourts.gov/civil-forms](https://ksd.uscourts.gov/civil-forms)*

  **d.** This scheduling order will not be modified except by leave of court upon a showing of good cause.

  **e.** Unless specifically modified in this Amended Scheduling Order, all other provisions of the prior Scheduling Order remain unchanged.

IT IS SO ORDERED.

Dated January 16, 2026, at Wichita, Kansas.

                /S/BROOKS G. SEVERSON
                Brooks G. Severson
                U.S. Magistrate Judge